## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KWANTRA VARNADO, | * | CIVIL ACTION |
| HEROLD PAYNE AND TAJ VARNADO | * | NO. 2:18-CV-08969 |
| | * | |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| | * | |
| MELIS AITIEV, DD LOGISTICS, INC., | * | MAGISTRATE MICHAEL B. NORTH |
| AND WESCO INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT AND SUPPLEMENTAL
### AND AMENDING COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes defendant, Melis Aitiev, who in response to the Complaint and the Supplemental and Amending Complaint ("the Amending Complaint") of Plaintiffs, Kwantra Varnado, Herold Payne and Taj Varnado, respectfully represents as follows:

1.

The allegations set forth in Paragraphs 1, 7, 8, 9, 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23 of Plaintiffs' original Complaint are denied.

2.

The allegations set forth in Paragraphs 5, 6, and 13 of Plaintiffs' original Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations set forth in Paragraphs 1, 7, 8, 9, 10, 14, 15, 16, 17, 18 (including subparts), 19, 20, 21 (including subparts), 22, 23, and 24 of the Amending Complaint are denied.

4.

The allegations set forth in Paragraphs 5, 6, and 13 of the Amending Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations set forth in Paragraph 2 of both the Plaintiffs' original Complaint and the Amending Complaint are denied except to admit the individual status of Melis Aitiev. Any and all other allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations set forth in the opening Paragraph and Paragraphs 3 and 4 of both the Plaintiffs' original Complaint and the Amending Complaint are denied for lack of sufficient information to justify a belief therein and the legal conclusions therein, while requiring no response, are denied.

7.

The allegations set forth in Paragraph 11 of the original Complaint and the Amending Complaint are denied as written.

8.

The allegations set forth in Paragraph 12 of the original Complaint and the Amending Complaint, including Subparts "a" through "k", are denied.

9.

The allegations set forth in the Prayer Paragraph of the original Complaint, as well as any misnumbered and/or unnumbered paragraphs, are denied.

10.

The allegations set forth in the Prayer Paragraph of the Amending Complaint, as well as any misnumbered and/or unnumbered paragraphs, are denied.

AND NOW, for further defense of the allegations set forth by the Plaintiffs, Defendant respectfully avers the following affirmative defenses:

11.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs cannot state a cause of action for which they are entitled to relief for reasons including, but not limited to, being unable to prove each essential legal element of the cause(s) of action asserted.

12.

**SECOND AFFIRMATIVE DEFENSE**

The sole and proximate cause of the incident made subject of this lawsuit, alternatively a contributory cause, was the negligence of one or more of the Plaintiffs, Kwantra Varnado, Herold Payne and Taj Varnado, in failing to act as a reasonable and prudent persons, failing to see or feel what should have seen or felt in the exercise of reasonable care and/or failing to take appropriate and reasonable precaution under the prevailing circumstances. Such act(s) of negligence on the part of Plaintiffs constitute a bar to all Plaintiffs' recovery herein; or, alternatively such acts of negligence require a reduction of damages in accordance with the principles of comparative fault.

13.

**THIRD AFFIRMATIVE DEFENSE**

Only in the event that this Court should find that one or more of the Plaintiffs sustained damages, which is denied, Defendant specifically and affirmatively pleads failure by one or more of the Plaintiffs to mitigate his and/or her damages to the extent that the Plaintiff(s) failed to follow the advice of medical providers, failed to return to work when capable or otherwise failed to mitigate the alleged damages.

14.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that, only in the event that this Court should find that one or more of the Plaintiffs sustained damages and that there was a negligent act or omission for which someone other than one or more of the Plaintiffs, Kwantra Varnado, Herold Payne and Taj Varnado, are responsible, which is denied, the fault and/or negligence of a third party or third parties for whom Defendant was not and is not responsible was and is the substantial cause of Plaintiffs' alleged injuries and damages and should operate to completely bar recovery against Defendant, or alternatively reduce recovery on a comparative fault basis.

15.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant affirmatively avers that the injuries that Plaintiffs allege to have been caused by the alleged incident were instead the result of some pre-existing and/or subsequent injury, condition or natural process or some otherwise unrelated condition or natural process.

16.

## SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement, amend, or modify their affirmative defenses to conform to such facts as may be revealed in discovery or otherwise.

17.

## JURY DEMAND

Defendant prays for, and are entitled to, a trial by jury in this case as to all issues so triable.

**WHEREFORE**, premises considered, Defendant, Melis Aitiev, prays that after due proceedings are had, there be judgment herein in favor of Defendant, dismissing Plaintiffs' Complaint and Supplemental and Amending Complaint at Plaintiffs' costs, or alternatively, reducing recovery on a comparative fault basis. Defendant further prays for all other general and equitable relief.

Respectfully submitted,

*/s/ Lauren Baudot*
GEORGE C. DRENNAN (#28025)
LAUREN N. BAUDOT (#36367)
Plauché Maselli Parkerson, LLP
701 Poydras, Suite 3800
New Orleans, Louisiana 70139-4240
Tel: (504) 582-1142
Fax: (504) 582-1172
E-mail: gdrennan@pmpllp.com
E-mail: lbaudot@pmpllp.com
*COUNSEL FOR MELIS AITIEV*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2019, I have electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Lauren Baudot

839286

-6-